UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:13-CV-93 |
| v. ) | (BERTELSMAN/GUYTON) |
| ) | |
| LYDIA KORNILOFF, et al., ) | |
| ) | |
| Defendants. ) | |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

This case came before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Amended Complaint.

On March 13, 2013, the undersigned issued a Report and Recommendation [Doc. 5] recommending that the Complaint be dismissed on the grounds that the Complaint is verbose, confusing, prolix, repetitive, and it does not comply with Rule 8 of the Federal Rules of Civil Procedure. On April 18, 2013, the Plaintiff filed an Amended Complaint [Doc. 8]. Having reviewed the Amended Complaint, the undersigned **RECOMMENDS** that the Amended Complaint also be **DISMISSED** on the grounds that the Complaint is verbose, confusing, prolix, repetitive, and it does not comply with Rule 8 of the Federal Rules of Civil Procedure.

The Amended Complaint does not remedy any of the defects identified in the previous Report and Recommendation. In the Amended Complaint, the Plaintiff purports to allege at least thirty-four (34) causes of action, ranging from obstruction of justice to RICO conspiracy to defamation to federal income tax evasion. The Complaint is one hundred twenty-one (121) pages in length, consisting of six hundred ninety-three (693) numbered paragraphs. Attached to the Complaint are five hundred ninety-one (591) pages of exhibits. The Complaint names at

least fifty (50) individual defendants, ranging from American Express to an "internet retail business owned by Gene Simmons," to the Kelsey Grammar Charitable Foundation. In addition, the Complaint names John Does 1-300. Plaintiff seeks damages which appear to total approximately two billion dollars.

With regard to the Amended Complaint, the undersigned **ADOPTS** the analysis found in the previous Report and Recommendation [Doc. 5] and **FINDS**:

1. The Plaintiff has alleged a basis for federal jurisdiction in this case.

2. The Plaintiff has demonstrated indigency, and his request to proceed *in forma pauperis* is well-taken.

3. The Amended Complaint is virtually impossible to understand. It is completely lacking in the minimum amount of clarity needed to satisfy Rule 8 of the Federal Rules of Civil Procedure.

4. Even affording the Plaintiff the liberal construction of his papers to which he is entitled, the Court finds that dismissal is appropriate in this case, given the Plaintiff's oversized, prolix Amended Complaint, which presents a multitude of overlapping arguments that are unfocused and illogically presented.

Accordingly, the Court **RECOMMENDS**[1] that the Amended Complaint be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).